## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.

NOTUS LLC d/b/a ROFX, EASY COM LLC
d/b/a ROFX, GLOBAL E-ADVANTAGES
LLC a/k/a KICKMAGIC LLC d/b/a ROFX,
GROVEE, LLC d/b/a ROFX, SHOPOSTAR,
LLC d/b/a ROFX, JASE DAVIS, BORYS
KONOVALENKO, ANNA SHYMKO,
ALLA SKALA, and TIMOTHY STUBBS,

      Defendants.

_____/

Case No.: 1:22-cv-20291-DPG

**DEFENDANT TIMOTHY STUBBS' REPLY IN SUPPORT OF
MOTION TO STRIKE NEW EVIDENCE AND ARGUMENTS OR IN THE
ALTERNATIVE FOR LEAVE TO FILE SUR-REPLY**

Defendant Timothy Stubbs ("Mr. Stubbs"), through undersigned counsel, files this Reply

to Plaintiff Commodity Futures Trading Commission's ("CFTC") Response in Opposition to

Defendant Timothy Stubbs' Motion to Strike Arguments Raised in Plaintiff's Reply in Support of

Its Motion For Preliminary Injunction (ECF No. 100) (the "Response").  Mr. Stubbs states the

following in support of his Reply:

## I.    INTRODUCTION

On January 11, 2023, the CFTC filed a Motion for Preliminary Injunction Against Mr.

Stubbs (the "Motion for Preliminary Injunction") (ECF No. 85).  The CFTC cited little evidence

in support of its Motion for Preliminary Injunction, particularly with respect to Mr. Stubbs.  The

CFTC cited to the following, limited evidence in its Motion for Preliminary Injunction:

1

- Certain bank account statements corresponding to a Bank of America bank account in the name of Grovee;

- Alleged transactions relating to that Bank of America account;

- Mr. Stubbs' alleged receipt of statements and other correspondence corresponding to the Bank of America bank account; and

- The use of a Mississippi address, where Mr. Stubbs allegedly resides, or did reside, in relation to certain corporate filings.

*See* Mtn. to Strike at p. 2.

On February 6, 2023, Mr. Stubbs filed his Response to the Motion for Preliminary Injunction, wherein Mr. Stubbs refuted the CFTC's factual and legal arguments in its Motion for Preliminary Injunction (ECF No. 90) (the "Response to the Motion for Preliminary Injunction"). On February 17, 2023, the CFTC filed its Reply to Mr. Stubbs' Response (ECF No. 95) (the "Reply"). In its Reply, the CFTC attempted to introduce new evidence and arguments in support of its Motion for Preliminary Injunction, some of which are highlighted in Mr. Stubbs' Motion to Strike New Evidence and Arguments Raised in the CFTC's Reply or in the Alternative for Leave to File Sur-Reply (ECF No. 97) (the "Motion to Strike"). *See generally*, Motion to Strike. All of these issues should have been raised in the Motion for Preliminary Injunction – not for the first time in a reply.

On March 13, 2023, the CFTC filed its Response to Mr. Stubbs' Motion to Strike wherein it attempts to argue that its Reply did *not* introduce new evidence, but instead presented this Court with permissible rebuttal evidence. *See generally*, Response. Contrary, to the CFTC's assertions in the Response, its arguments in the Reply are not proper rebuttal arguments, but instead are new arguments that raise wholly new factual issues that could have been, but were not, raised in the Motion for Preliminary Injunction.

The CFTC also inaccurately contends in its Response that "[Mr.] Stubbs' Motion [to

Strike] is an unauthorized surreply brief filed without leave of Court."  *Id*. at p. 1.  However, the CFTC's position is without merit.  A review of Mr. Stubbs' Motion to Strike establishes that he simply identified the CFTC's new arguments for the Court in support of his Motion to Strike.  Mr. Stubbs does not present countervailing evidence or arguments to refute the items improperly raised by the CFTC for the first time in its Reply as the Court has not yet ruled on the Motion to Strike.  Given Mr. Stubbs has not been able to properly address the CFTC's new evidence or arguments, this Court should enter an order striking such arguments and evidence, or alternatively allow Mr. Stubbs to address same in a sur reply.

## II.    ARGUMENT

### A.    The CFTC's Reply does not Rebut Mr. Stubbs' Arguments but Instead Introduces New Evidence and Arguments Which Should be Stricken.

As the CFTC acknowledges in their Response, a reply memorandum "may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed."  *See* Reply at p. 2 (citing *Intra-Lock Int'l Inc. v. Choukroun*, No. 9:14-cv-80930, 2015 WL 1268278, at *1 (S.D. Fla. Mar. 19, 2015)).  Although certain reply evidence "may contain facts not previously mentioned in the opening brief" such evidence may "not raise wholly new factual issues" for the first time in the reply.  *Id*.; *see also United States v. Coy*, 19 F. 3d 629, 632 n. 7 (11th Cir. 1994) (holding that arguments raised for the first time in a reply were not properly before the court.).

Here, the CFTC claims that its Reply "responds to the arguments and evidence set forth by [Mr.] Stubbs in his Opposition and cites to authority and evidence refuting his arguments."  *See* Response at p. 2.  That is not accurate.  The CFTC not only seeks to introduces new evidence in its Reply, but at the very least, does so in order to reargue matters covered in its Motion for Preliminary Injunction.  *See* Mtn. to Strike at p. 4.  Not only is the introduction of new evidence

by the CFTC improper under *Choukron* and *Coy*, it also is contrary to Local Rule 7.1(c)(1), which strictly limits reply memorandum "to a rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."  S.D. Fla. Local Rule 7.1(c)(1); *see Choukroun*, 2015 WL 1268278; *see also Coy*, 19 F. 3d 629.

Accordingly, the CFTC's new evidence and arguments should be disregarded by the Court, or alternatively, Mr. Stubbs should be given the opportunity to file a sur reply in response to same. *See e.g., Atlantic Specialty Ins. Co., et al. v. Digit Dirt Work, Inc.*, 793 Fed. App'x 869, 901 (11th Cir. 2019) (holding that "with a reply brief that offers new evidence" courts "can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new materials contained in the reply brief.").

### 1. The CFTC Had Access to the Documents cited in its Reply at the time of Filing its Motion for Preliminary Injunction.

The CFTC claims that the evidence and arguments it cites to in its Reply are "submitted directly to rebut [Mr.] Stubbs' arguments and therefore, are not 'new.'"  Response at p. 2.  In support of this contention, the CFTC argues that "regardless of the time learned, evidence constitutes rebuttal where it directly refutes a point raised for the first time in opposition to a motion."  *Id*. (citing *Giglio Sub S.N.C. v. Carnival Corp.*, No. 1:12-cv-21680, 2012 WL 4477504, at *5 (S.D. Fla. Sept. 26, 2012)).  The CFTC's arguments are misplaced.  *See Choukroun*, 2015 WL 1268278, at *1 ("A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.") (citing *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014)).

As this Court stated in *Giglio*, it is improper to bring up new facts in a reply brief "if no good reason for why the party could not have introduced the facts in its original motion" exists.

*Id*. at *2.  Here, the CFTC provides no reason why it could not, and did not, introduce the Operating Agreement, the U.S. Postal Service Application, and/or the Mailbox Service Agreement in support of its newfound arguments at the time of filing its Motion for Preliminary Injunction.  Instead, the CFTC seeks to convince this Court that these documents were introduced solely to rebut the arguments raised in Mr. Stubbs' Response to the Motion for Preliminary Injunction in an effort to get this Court to consider them.  However, as the CFTC itself acknowledges in its Response "[a] significant difference exists . . . between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other."  *Id*. at *2.  Rebuttal arguments and evidence constitute arguments and evidence that "respond to the arguments and the evidence the [responding party] relied on in [their] response in opposition [to the original motion]."  *Equal Employment Opp. Comm. v. University of Miami*, No. 19-23131-Civ-Scola, 2021 WL 2349490, at * (S.D. Fla. June 9, 2021); *see also Giglio Sub S.N.C.*, 2012 WL 4477504 at *5 ("evidence constitutes rebuttal where it directly refutes a point raised for the first time in opposition to a motion.").  The CFTC's new evidence and arguments do not meet this standard.

As this Court established in *Choukroun*, rebuttal arguments and evidence are permissible, so long as they do not raise wholly new factual issues.  2015 WL 1268278, at *1.  Here, despite the CFTC's position to the contrary, their Reply improperly puts forth arguments and evidence that raise wholly new factual and legal issues.  As a result, this Court should either strike the new evidence and arguments, or allow Mr. Stubbs leave to file a sur-reply with regards to same.

> **2.  The CFTC's New Arguments and Evidence Regarding Mr. Stubbs' Alleged Involvement in the Opening of Certain Grovee Bank Accounts Raises Wholly New Factual Issues.**

Recognizing its lack of evidence that Mr. Stubbs was complicit in any misconduct relating to the alleged ROFX fraud described in the CFTC's Amended Complaint as pointed out by Mr.

Stubbs in his Response to the Motion for Preliminary Injunction, the CFTC desperately attempts to put forth some evidence to support its misguided position.  In this regard, it claims in the Reply that the Court should consider newly raised factual issues relating to Tedi McLendon and Jase Davis.  The CFTC also claims its new arguments and evidence regarding Mr. Stubbs' alleged involvement in opening certain Bank of America bank accounts constitutes rebuttal evidence.  *See* Response, at p. 4.  Specifically, the CFTC alleges that its "arguments and evidence relat[ing] to Tedi McLendon and Defendant Jase Davis directly rebut [Mr.] Stubbs' contention that:

> (1) [Mr.] Stubbs 'was not involved whatsoever in opening that [second Grovee BOA] account' and has 'no knowledge' as to why his Atlanta address was used by McLendon to open the second Grovee BOA account; and
>
> (2) [Mr.] Stubbs had no 'awareness of the actual enterprise alleged,' 'had no awareness of ROFX or the alleged conspiracy,' and there is 'no evidence whatsoever that Mr. Stubbs had any communications with any Defendant regarding ROFX or the alleged ROFX conspiracy.'"

*Id*.

Regardless of whether or not Mr. Stubbs allegedly mailed Tedi McLendon a cell phone prior to Ms. McClendon opening a Grovee BOA account, it does not rebut Mr. Stubbs' position that he had no involvement with opening a Grovee BOA bank account.[1]  The CFTC knows this. Moreover, because the CFTC's assertion raises an entirely new factual issue, it should be disregarded by this Court, or in the alternative Mr. Stubbs should be allowed to respond to same by way of a sur reply.  To suggest that Mr. Stubbs' alleged act of mailing a cell phone to Tedi McLendon was somehow connected to the opening of a Bank of America bank account, sufficient

---

[1]    In its Response to the Motion to Strike, the CFTC takes the position that Mr. Stubbs "appears to challenge [its] assertion that McLendon was twenty-one years old at the time she opened the Grovee BOA Account." *See* Response at p. 5, footnote 5.  This is untrue.  Mr. Stubbs does not challenge Ms. McClendon's alleged age, but instead challenges the assertion for its proposition that it somehow evidences that Mr. Stubbs was involved in the opening of a bank account as a result of Ms. McLendon's age.

to rebut Mr. Stubbs' argument to the contrary, is simply disingenuous.  Indeed, the CFTC concedes it "is still conducting discovery regarding McLendon's role and the second Grovee BOA account," and, therefore, suggests it knows its newfound position is simply pure speculation, at best.  *Id*. at p. 5.

In addition, the CFTC's new arguments made with regard to Jase Davis and the Easy Com bank accounts similarly fail to rebut any of Mr. Stubbs' arguments in his response in opposition to the Motion for Preliminary Injunction.  The CFTC never raised any issue relating to Mr. Stubbs' alleged contact with Jase Davis before.[2]  Because such arguments do not rebut Mr. Stubbs' evidence and are being raised for the first time in the CFTC's Reply, the arguments should either be stricken or disregarded by this Court, or Mr. Stubbs should be provided with the opportunity to respond to same, by way of a sur reply.

### 3. The CFTC's Arguments Regarding Mr. Stubbs' Failure to Institute a System of Supervision or Controls Over Grovee are not Proper Rebuttal Arguments or Evidence and Should be Stricken.

The CFTC's new argument that Mr. Stubbs failed to institute a system of supervision or controls over Grovee is a "red herring."  As is mentioned in Mr. Stubbs' Response in Opposition to the CFTC's Motion for Preliminary Injunction, Mr. Stubbs not only has no knowledge of Grovee's business operations, but similarly had no involvement in running or operating the company.  *See* Affidavit of T. Stubbs at ¶ 12.  In order to assert controlling person liability, a party must show that "a controlling person, did not act in good faith or knowing[ly] induce, directly or indirectly, the conduct which constitutes a violation of the Act."  *See CFTC v. R.J. Fitzgerald &*

---

[2]      Like with McLendon, the CFTC seems to assert the fact that Jase Davis was "twenty-two years old at the time he opened" the Easy Com bank accounts as support for its contention that Mr. Stubbs helped him open these accounts and that such alleged involvement establishes that he engaged in the misconduct engaged in by ROFX.  *See* Response at p. 6.  The CFTC's arguments lack merit.

*Co., Inc.*, 310 F. 3d 1321, 1328 (11th Cir. 2002).

Rather than attempt to rebut these points, the CFTC contends that the proper standard for controlling person liability is "the power to control, not whether that power is actually exercised." *See* Reply at p. 11. However, even this new argument would not rebut Mr. Stubbs' position relating to his lack of knowledge, nor does it rebut the argument that Mr. Stubbs did not act in good faith. Further, because this issue was not asserted in the Motion for Preliminary Injunction, Mr. Stubbs never had a chance to address it in his Response. If the Court accepts the CFTC's arguments, Mr. Stubbs will be unable to properly respond to the CFTC's allegations. Therefore, this Court should strike these arguments, or alternatively, allow Mr. Stubbs to file a sur-reply in response to same.

> **4.   The CFTC's Allegations Regarding the Likelihood of Future Violations by Mr. Stubbs are not Proper Rebuttal Arguments or Evidence and Should be Stricken.**

The CFTC's new argument in its Reply that Mr. Stubbs has a proclivity to form corporations and assist others in doing so was never raised in its Motion for Preliminary Injunction and raised for the first time by the CFTC in its Reply. In its Reply, the CFTC also argues, for the first time, that Mr. Stubbs' profession allegedly leaves him vulnerable to commit future violations. *See* Response at p. 8. As with all the other new arguments, this argument is not persuasive and the CFTC's actions in raising this argument for the first time in its Reply are improper.

Given the arguments and evidence by the CFTC are not for the purposes of rebutting Mr. Stubbs' Response, but instead provide new arguments and purported evidence in connection with the CFTC's Motion for Preliminary Injunction, they should be stricken and/or disregarded by this Court, alternatively Mr. Stubbs should be given leave to file a sur-reply and respond to same.

**5.  Mr. Stubbs Provided Full Access to His Records.**

The CFTC's new argument that Mr. Stubbs failed to provide it with full access to his records is without merit.  As the CFTC is well-aware Mr. Stubbs has provided it with full access to his records to date, and any argument to the contrary is made in bad faith and with the intent to paint Mr. Stubbs in a negative light to this Court.  This allegation is not only false, but improper – given it was never raised by the CFTC in their Motion for Preliminary Injunction, nor was it raised with the Court following Mr. Stubbs' discovery responses in a motion to compel or otherwise.  The CFTC can provide no good faith support for this argument.  However, absent the Court striking the allegation or permitting Mr. Stubbs to file a sur-reply, Mr. Stubbs will be unable to effectively address these allegations and will be prejudiced as a result of the CFTC's tactics.

**B.  Mr. Stubbs has not Responded to the CFTC's New Arguments and Evidence and Would be Severely Prejudiced without the Ability to Respond to Same.**

Despite the CFTC's claims in its Response, Mr. Stubbs has not had the opportunity to respond to the new arguments and evidence presented in the CFTC's Reply.  Mr. Stubbs filed a Motion to Strike in order to avoid being prejudiced by the CFTC's improper arguments and evidence.  Although the Motion to Strike identifies a number of the new arguments and alleged evidence to be stricken, Mr. Stubbs does not address them in any substance, because this Court has not ruled on the Motion to Strike or for Sur-Reply.  Further, Mr. Stubbs' examples of the CFTC's improper arguments are by no means an exhaustive list of the new arguments and evidence raised by the CFTC in its Reply.  Therefore, if the Court does not strike and/or disregard the evidence raised by the CFTC in its Reply, Mr. Stubbs should be granted leave to file a sur-reply and respond to same.

III.    CONCLUSION

Based on the foregoing, Mr. Stubbs respectfully requests this Court strike Plaintiff Commodity Futures Trading Commission's Reply to the Opposition to Plaintiff's Motion for a Preliminary Injunction, or in the alternative, grant Mr. Stubbs leave to file a sur-reply, not to exceed twenty (20) pages to the Reply, and requests any further relief this Court deems just and proper.

Dated: March 24, 2023                    Respectfully submitted,

                                         **NELSON MULLINS RILEY &**
                                         **SCARBOROUGH**
                                         One Biscayne Tower, 21st Floor
                                         2 S. Biscayne Boulevard
                                         Miami, FL  33131
                                         Telephone: 305.373.9400
                                         Facsimile: 305.995.6449

                                         By: */s/ Daniel S. Newman*
                                         Daniel S. Newman, Esq.
                                         Florida Bar No. 0962767
                                         Dan.Newman@nelsonmullins.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March 2023, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                         */s/ Daniel S. Newman*
                                         Daniel S. Newman, Esq.
                                         Florida Bar No. 0962767

**SERVICE LIST**

**Timothy J. Mulreany, Esq.**
COMMODITY FUTURES TRADING
COMMISSION
OFFICE OF GENERAL COUNSEL
1155 21st Street NW
Three Lafayette Centre
Washington, DC 20581
Email: tmulreany@cftc.gov

**Danielle E. Karst, Esq.**
US COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street NW
Washington, DC 20581
Email: dkarst@cftc.gov

*Attorneys for Plaintiff*

**David Alan Frankel, Esq.**
LAW OFFICES OF
DAVID A. FRANKEL, P.A.
17 NE 4TH Street
Fort Lauderdale, FL 33301
Email: david@bluelotuslaw.com

*Attorney for Defendant Alla Skala*

**NOTUS LLC**
c/o Registered Agent
Colorado Registered Agent LLC
1942 Broadway Street, Suite 314C
Boulder, CO 80302
*PRO SE*

**SHOPOSTAR, LLC**
c/o Registered Agent
Colorado Registered Agent LLC
1942 Broadway Street, Suite 314C
Boulder, CO 80302
*PRO SE*

**Borys Konovalenko**
1321 Upland Dr. PMB 4787
Houston, TX 77043-4718
*PRO SE*

**GROVEE, LLC**
c/o Registered Agent
Delaware Business Incorporators
3422 Old Capitol Trail, Suite 700
Wilmington, DE 19808
*PRO SE*

**Jase Davis**
631 Jemison Rd.
Steens, MS 39766
*PRO SE*

**Anna Shymko**
3778 Shadow Ridge Ct
Duluth, GA 30096-4360
*PRO SE*

11