UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-20291-GAYLES-TORRES

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

NOTUS LLC d/b/a ROFX, et al.,

Defendants.

_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant Borys Konovalenko's Amended

Motion to Set Aside Default Judgment (the "Motion to Vacate"). [ECF No. 168]. The Court has

reviewed the Motion to Vacate and the record and is otherwise fully advised. For the reasons stated

below, the Motion to Vacate is denied.

I.      BACKGROUND

This action and two others in this district relate to a fraudulent enterprise in which

Defendant Borys Konovalenko ("Konovalenko") and co-defendants allegedly misappropriated at

least $58 million in investor funds (the "Fraudulent Enterprise"). In the first-filed action, several

investors brought a class action complaint against Konovalenko and others alleging fraud, unjust

enrichment, conspiracy, and civil RICO claims. *See Birmingham et al. v. Rofx.net, et al.*, Case No.

21-cv-23472-RS (the "Class Action").[1] Four months later, the Commodity Futures Trading

Commission (the "CFTC") filed this action against Konovalenko and nine other defendants,

_____

[1] The investors filed the Class Action on September 29, 2021.

1

alleging violations of the Commodity Exchange Act and accompanying CFTC Regulations. [ECF No. 1]. Finally, on January 19, 2023, the United States indicted Konovalenko for conspiracy to commit commodities fraud and wire fraud based on his role in the Fraudulent Enterprise. *See United States v. Borys Konovalenko*, 23-cr-20022-RAR (the "Criminal Case").

### A. Konovalenko's Representations About His Address in the Class Action

On December 9, 2021, Konovalenko mailed a letter to the Class Action court about summonses issued in the Class Action.[2] *See* [Class Action, ECF No. 57]. In the letter, Konovalenko states that he can be contacted by his personal email address or his "actual mailing address" at "1321 Upland Dr. PMB 4787, Houston, Texas 77043-4718" (the "Private Mailbox"). *Id.* Konovalenko goes on to state that "[a]ny other addresses are not valid[,] and [he] cannot accept any correspondence there." *Id.* This letter was docketed as an "Answer" in the Class Action. *Id.*

### B. Service and Default in this Action

On February 3, 2022, the CFTC served Konovalenko with the Complaint, Summons, and other pleadings in this action at his Private Mailbox. [ECF No. 12]. In his Affidavit of Service, the process server stated that (1) he served Konovalenko by giving the documents to the clerk at US Global Mail (the "Global Mail Clerk") and (2) the Global Mail Clerk confirmed that she would place the documents in Konovalenko's Private Mailbox.[3] *Id.* Konovalenko failed to answer or otherwise respond to the Complaint, and on March 1, 2022, the Clerk of Court entered a default against Konovalenko (the "First Default"). [ECF No. 24].

---

[2] The letter references "Document 12 Entered on FLSD Docket 10/06/2021." [Class Action, ECF No. 57]. Docket Entry 12 in the Class Action includes several summonses, including one to Konovalenko at an address in Missouri. In the return of attempted service for Konovalenko in the Class Action, the process server stated that he attempted, but was unable, to locate Konovalenko at the address in Missouri. [Class Action, ECF No. 18-10].

[3] Per the Affidavit of Service, US Global Mail is located at 1321 Upland Drive, Houston, Texas 77043. [ECF No. 12]. This is the same address as provided by Konovalenko in the Class Action. *See* [Class Action, ECF No. 57].

On August 31, 2022, the CFTC filed the First Amended Complaint. On September 2, 2022, the CFTC mailed a copy of the First Amended Complaint and Summons via UPS to Konovalenko to his Private Mailbox. [ECF No. 68]. Konovalenko failed to answer or otherwise respond to the Amended Complaint; and on October 3, 2022, the Clerk of Court entered another default against Konovalenko (the "Second Default"). [ECF No. 75].

On March 22, 2024, the CFTC moved for a final default judgment against Konovalenko and other defaulted defendants. [ECF No. 157]. On April 22, 2024, the Court granted the motion and entered a Default Final Judgment, Permanent Injunction, Civil Monetary Penalty, and other equitable relief against Konovalenko and the other defaulting defendants (the "Default Judgment"). [ECF No. 162].

### C.  Motion to Vacate

On April 22, 2025, more than three years after entry of the First Default, two and a half years after entry of the Second Default, and exactly one year after entry of the Default Judgment, Konovalenko filed the Motion to Vacate under Federal Rule of Civil Procedure 60(b)(1), (4), and (6).

## II.    DISCUSSION

Pursuant Federal Rule of Civil Procedure 60(b), and as relevant here, the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, or excusable neglect . . . (4) [because] the judgment is void . . . or (6) any other reason that justifies relief." F.R.C.P. 60(b).

### A.      Rule 60(b)(1) Excusable Neglect

"[A] defaulting party seeking relief on the basis of excusable neglect [must] show that (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would

not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007). As the defaulting party, Konovalenko bears the burden of establishing excusable neglect. *See Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). He has failed to do so.

First, Konovalenko has not met his burden of establishing a meritorious defense. Rather, he simply denies his involvement in the Fraudulent Enterprise via a self-serving declaration with exhibits that do not clearly establish a defense. Indeed, like Defendant Stubbs in this action, "it is reasonable to conclude that [Konovalenko] either knew about the Fraudulent Enterprise or stuck his head in the sand to manufacture plausible deniability." [ECF No. 124].[4]

Second, the CFTC will be prejudiced if the Motion to Vacate is granted. It has been over three years since entry of the First Default and over one year since entry of the Default Judgment.[5] Evidence may now be stale, and witnesses may have lost their memories or be impossible to locate. *See* [ECF No. 169]. Moreover, additional delay could hinder the civil monetary penalties against Konovalenko, which are subject to a five-year statute of limitations. *See* 28 U.S.C. § 2462. In short, reopening this action after Konovalenko's unusually long delay would prejudice the CFTC.

Finally, Konovalenko has not provided a good reason for his failure to respond to the Complaint or Amended Complaint. Indeed, he admits that he became aware of this action in 2023 and even started preparing a response with his attorneys. [ECF No. 168-1]. Moreover, Konovalenko's delay cannot be excused by his later detention in Spain at the end of 2023—well after the First Default and Second Default—or his alleged confidential agreement with the

---

[4] Konovalenko argues that the Class Action court's denial, in part, of a motion for default judgment establishes that he has a meritorious defense in this action. Not so. The Class Action involved different claims than those alleged by the CFTC. Moreover, the Class Action court found that many of the claims in the Class Action were insufficiently pled, not that Konovalenko had valid defenses. *See* [Class Action, ECF Nos. 233, 252].

[5] Notably, a motion brought under Rule 60(b)(1), (2), or (3) must be brought no more than one year after entry of the judgment. *See* Fed. R. Civ. P. 60(c)(1).

4

Government in his Criminal Action. Konovalenko was aware of this action long before entry of the Default Judgment and even acknowledges that he had legal counsel. He simply chose to ignore it. This is anything but excusable neglect. Indeed,"[t]he longer a defendant—even a foreign defendant—delays in responding to a complaint, the more compelling the reason [he] must provide for [his] inaction when [he] seeks to set aside a default judgment." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007). Accordingly, the Court finds Konovalenko has not established excusable neglect.

### B.    Void Judgment

Konovalenko also argues that service was improper and that, therefore, the Default Judgment is void. The Court disagrees.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, the CFTC served Konovalenko under Florida Statute § 48.031(6)(a) which provides for service on individuals as follows:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

Fla. Stat. § 48.031(6)(a).

Under this statute, service is effective at a private mailbox only if the plaintiff establishes that "(1) it is the only address discoverable through public records, and (2) the process server determines that person to be served maintains a mailbox at that location." *Barbato v. Wilcox*, No. 9:23-CV-81582, 2024 WL 5106792, at *2 (S.D. Fla. May 6, 2024) (internal quotation omitted).

Once a plaintiff shows that it complied with the requirements of § 48.031(6)(a), the burden shifts back to the defendant to show "by clear and convincing evidence that service of process was invalid." *Id.* at *2.

The Court finds that the CFTC has established that it properly served Konovalenko under § 48.031(6)(a). As detailed above, the statute permits substitute service on individuals "if the only address for a person to be served which is discoverable through public records" is, among other places, "a private mailbox." Fla.Stat. § 48.031(6)(a). Here, public records—Konovalenko's statements in the Class Action—clearly established that Konovalenko's Private Mailbox was the only place he would accept correspondence and that "any other addresses are not valid." [Class Action, ECF No. 57].[6] Based on this information from the public record, the CFTC served Konovalenko in the manner he requested — by "leaving a copy of the process with the person in charge of the private mailbox," i.e., the Global Mail Clerk. As reflected in the Return of Service, the Global Mail Clerk told the process server that she would leave the documents in Konovalenko's Private Mailbox–therefore confirming that Konovalenko indeed maintained a private mailbox at that location.

Konovalenko provides no evidence, let alone clear and convincing evidence, that service of process was invalid. Indeed, it would be absurd for the Court to require the CFTC to search for other locations to serve Konovalenko when he expressly stated that the only place he could receive documents was his Private Mailbox. Accordingly, the Court finds that service of process was proper and the Default Judgment is not void.

---

[6] The Court does not consider Konovalenko's email address because, unless otherwise authorized by the Court, initial service of process may not be by email.

## C.      Any Other Reason

Rule 60(b)(6) "provides a catch-all, authorizing a court to grant relief from a judgment for 'any other reason that justifies relief.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)). Konovalenko has the burden of showing "that the circumstances are sufficiently extraordinary to warrant relief." *Id.* (internal quotation omitted).

Konovalenko provides no basis to justify such extraordinary relief. As detailed above, his delay in failing to defend this action and in waiting a year to move to vacate the default, despite proper service and being aware of the litigation, is inexcusable. In addition, Konovalenko provides no other basis—beyond a vague and unsubstantiated allegation about a confidential agreement with the Government—that justifies the requested relief. As a result, his request under Rule 60(b)(6) must be denied. *See Motes v. Couch*, 766 F. App'x 867, 869 (11th Cir. 2019) (holding that Rule 60(b)(6) "is inappropriate where the case falls into one of the other categories listed in subsections (1)-(5) of Rule 60(b).")

## III.     CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Borys Konovalenko's Amended Motion to Set Aside Default Judgment, [ECF No. 168], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of March, 2026

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

7